JBP5colP                         plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                            19 Cr. 665 (AJN)

5   RAYMOND REID COLLINS, JR.,

6              Defendant.

7   ------------------------------x

8                                            November 25, 2019
                                             11:10 a.m.
9

10  Before:

11                    HON. ALISON J. NATHAN,

12                                           District Judge

13

14                       APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    BY:   RUSHMI BHASKARAN
17       Assistant United States Attorney

18  LAW OFFICES OF EDWARD J. BILINKAS, ESQ.
         Attorneys for Defendant
19  BY: EDWARD J. BILINKAS

20

21

22

23

24

25

JBP5colP                          plea

1          (Case called)

2          THE COURT:  Good morning.  I will take appearances of

3   counsel, starting with the government.

4          MS. BHASKARAN:  Good morning, your Honor.  Rushmi

5   Bhaskaran for the United States.

6          THE COURT:  Good morning, Ms. Bhaskaran.

7          MR. BILINKAS:  Good morning, Judge.  Edward Bilinkas

8   appearing on of behalf of Mr. Collins.

9          THE COURT:  Good morning, Mr. Bilinkas.

10          And good morning, Mr. Collins.

11          THE DEFENDANT:  Good morning, your Honor.

12          THE COURT:  Mr. Bilinkas, I understand that your

13   client wishes to plead guilty to Count One of the information

14   19 CR 665.  Is that correct?

15          MR. BILINKAS:  That's correct, Judge.

16          THE COURT:  Mr. Collins, before I accept your guilty

17   plea, I am going to ask you certain questions so that I can

18   establish to my satisfaction that you wish to plead guilty

19   because you are guilty and not for any other reason, and also

20   to establish that you know what you will be giving up by

21   pleading guilty.  If at any point during the proceeding you

22   don't understand one of my questions or you want time to

23   consult with your attorney, you let me know and I will give you

24   as much time as you need.  Okay?

25          THE DEFENDANT:  Yes, your Honor.

JBP5colP                         plea

 1              MR. BILINKAS:  Judge, do you want Mr. Collins

 2       standing?

 3              THE COURT:  No.  Thank you.  I will let you know when

 4       it is necessary.  Thank you.

 5              Mr. Collins, because I am going to ask you questions

 6       today I will place you under oath.  I ask you to please rise

 7       and raise your right hand.

 8              (Defendant sworn)

 9              THE COURT:  You are now under oath and if you answer

10       any of my questions falsely, you may be prosecuted for the

11       separate crime of perjury.

12              Do you understand that?

13              THE DEFENDANT:  Yes, your Honor.

14              THE COURT:  What is your full name?

15              THE DEFENDANT:  Raymond Reid Collins, Jr.

16              THE COURT:  How old are you?

17              THE DEFENDANT:  I am 59.

18              THE COURT:  How far did you go in school?

19              THE DEFENDANT:  I have a BA in English Literature from

20       University of Virginia.

21              THE COURT:  Have you ever been treated for any type of

22       mental illness?

23              THE DEFENDANT:  I have been treated and am currently

24       treated for bipolar and manic/mild depression.

25              THE COURT:  First question with respect to that,

JBP5colP                          plea

| 1 | anything about your, the matters that you are being treated for
| 2 | that in any way interfere with your ability to understand
| 3 | what's going on here?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Or to communicate with your attorney?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Are you taking any medication?

8          THE DEFENDANT:  Yes, ma'am.  Yes, your Honor.

9          THE COURT:  And what are you taking?

10          THE DEFENDANT:  I take Cymbalta and Depakote, daily,
11 to manage my mental illnesses.

12          THE COURT:  And anything about those medications that
13 interfere with your ability to understand what's going on?

14          THE DEFENDANT:  No.

15          THE COURT:  Or communicate with your attorney?

16          THE DEFENDANT:  No.

17          THE COURT:  Thank you.

18          Other than what you just mentioned, have you taken any
19 drugs, medicine, pills, or alcoholic beverages in the past 24
20 hours?

21          THE DEFENDANT:  No, your Honor.

22          THE COURT:  Your mind is clear today?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  You understand what is happening here
25 today?

JBP5colP                    plea

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Does either counsel have any doubt as to

3   Mr. Collins' competence to enter a guilty plea at this time?

4          MS. BHASKARAN:  No, your Honor.

5          MR. BILINKAS:  Absolutely none.

6          THE COURT:  On the basis of Mr. Collins's response to

7   my questions, my observations of his demeanor here in court,

8   and the representations of counsel, I do find that he is fully

9   competent to enter an informed plead of guilty at this time.

10         Mr. Collins, I want to confirm again that you received

11  a copy of the information in this case, the document that

12  contains the charge against you which is dated -- which is

13  labeled at the top 19 CR 665.

14         Did you receive that?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Have you had enough of a chance to discuss

17  with your lawyer the charge to which you intend to plead guilty

18  and any possible defenses to that charge?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Has your lawyer explained to you the

21  consequences of entering the plea of guilty?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And are you satisfied with your lawyer's

24  representation of you?

25         THE DEFENDANT:  Absolutely.

1          THE COURT:  I am now going to explain certain

2    constitutional rights that you have.  These are rights that you

3    will be giving up if you do enter a guilty plea.  Please listen

4    carefully to what I'm about to say and if there is anything you

5    don't understand, again, let me know and either I or your

6    lawyer will explain the matter more fully.

7          Under the Constitution and laws of the United States

8    you have a right to plead not guilty to the charges in the

9    information.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  If you did plead not guilty, you would be

13    entitled to a speedy and public trial by a jury on the charge

14    contained in the information.

15          Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  At trial, you would be presumed to be

18    innocent and the government would be required to prove you

19    guilty by competent evidence beyond a reasonable doubt before

20    you could be found guilty.

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  And a jury of 12 people would have to

24    agree unanimously that you were guilty and you would not have

25    to prove that you were innocent if you were to go to trial.

JBP5colP                    plea

```
 1              Do you understand that?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  At that trial, and at every stage of your

 4   case, you would be entitled to be represented by a lawyer.  If

 5   you couldn't afford a lawyer, one would be appointed, free of

 6   cost, to represent you.

 7              Do you understand that?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  During a trial, the witnesses for the

10   government would have to come to court and testify in your

11   presence.  Your lawyer could cross-examine the witnesses for

12   the government, object to evidence offered by the government,

13   and offer evidence on your own behalf, if you so desired.  You

14   would have the right to have subpoenas issued or other process

15   used to compel witnesses to testify in your defense.

16              Do you understand that?

17              THE DEFENDANT:  Yes.

18              THE COURT:  At a trial, although you would have the

19   right to testify if you chose to do so, you would also have the

20   right not to testify and if you decided not to testify no one,

21   including the jury, could draw any inference or suggestion of

22   guilt from the fact that you did not testify.

23              Do you understand that?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Do you understand that by pleading guilty
```

JBP5colP                          plea

you are giving up your right to seek the suppression of any

evidence that the government has against you?

            THE DEFENDANT:  Yes, I understand.

            THE COURT:  And if you were convicted at a trial, you

would have the right to appeal that verdict.  Do you understand

that?

            THE DEFENDANT:  Yes.

            THE COURT:  So even now as you are here entering this

plea, you do have the right to change your mind, plead not

guilty, and go to trial on the charges contained in the

information.

            Do you understand that?

            THE DEFENDANT:  Yes.

            THE COURT:  But if you plead guilty and if I do accept

your plea, you will give up your right to a trial and the other

rights I have just discussed other than the right to a lawyer,

which you have regardless of whether or not you plead guilty.

But, if you plead guilty, there will be no trial and I will

enter a judgment of guilty and then I will sentence you at a

later date on the basis of your plea after I have considered a

presentence report that will be prepared by the Probation

Department and the submissions that I get from your lawyers and

from the government.

            Do you understand that?

            THE DEFENDANT:  Yes, I do.

JBP5colP                          plea

1                THE COURT:  If you plead guilty there will be no trial

2       and no appeal with respect to whether you did or did not commit

3       this crime.

4                Do you understand that?

5                THE DEFENDANT:  Yes.

6                THE COURT:  If you plead guilty you also have to give

7       up your right not to incriminate yourself because I will ask

8       you questions today about what you did and you will have to

9       admit and acknowledge your guilt.

10               Do you understand that?

11               THE DEFENDANT:  Yes, I do.

12               THE COURT:  Mr. Collins, are you willing to give up

13      your right to a trial and the other rights I have discussed

14      with you?

15               THE DEFENDANT:  Yes, I am.

16               THE COURT:  Turning to the charge in the information,

17      do you understand that you are charged with possession of child

18      pornography in violation of 18 U.S.C. Section 2252A(a)(5)(B).

19               Do you understand that's the charge?

20               THE DEFENDANT:  Yes, I do.

21               THE COURT:  Ms. Bhaskaran, I will ask the government

22      to please state the elements of the offense in question.

23               MS. BHASKARAN:  The government would have to prove the

24      following three elements beyond a reasonable doubt:

25               First, that the defendant knowingly possessed or

JBP5colP                      plea

accessed with intent to view any material that contained an

image of child pornography; second, that the defendant knew

that the material contained child pornography; and third, that

such child pornography had been mailed, shipped, or transported

using any means or facility of interstate or foreign commerce,

or in or affecting interstate or foreign commerce by any means

including by computer.

        In addition, the government would have to prove venue

in the Southern District of New York by a preponderance of the

evidence.

        THE COURT:  Thank you.

        Mr. Collins, you heard the lawyer for the government

state the elements of the offense.

        THE DEFENDANT:  Yes, I did.

        THE COURT:  And you understand if you were to go to

trial, the government would have to prove all of those elements

beyond a reasonable doubt.

        Do you understand that?

        THE DEFENDANT:  Yes.

        THE COURT:  What I am going to do now is talk to you,

Mr. Collins, about the maximum possible penalties that you face

for this crime, the maximum means the most that could possibly

be imposed.  It doesn't mean that is what you necessarily will

receive but you do have to understand that by pleading guilty

you are exposing yourself to the possibility of receiving any

1  combination of punishments up to the maximum that I am about to

2  describe.

3        Do you understand that?

4        THE DEFENDANT:  Yes.

5        THE COURT:  So, first I'm going to talk about the

6  maximum possible restrictions on your liberty.  The maximum

7  term of imprisonment for this crime is 20 years, which could be

8  followed by up to three years of supervised release.

9        Do you understand that?

10       THE DEFENDANT:  Yes, I do.

11       MS. BHASKARAN:  Your Honor, I believe the maximum term

12 of supervised release in this case is life with a mandatory

13 minimum of supervised release of three years.  There was a

14 prior plea agreement in this case.  If I sent that by error, I

15 can provide you with the corrected plea agreement.

16       MR. BILINKAS:  And, Judge, for the record, I have

17 received that and I have reviewed that with my client and agree

18 and accept that as accurate.

19       THE COURT:  Let me double check to my own

20 satisfaction.  That is what's contained in the November 21st

21 plea agreement.

22       MS. BHASKARAN:  That's correct.

23       THE COURT:  Thank you.

24       Mr. Collins, a correction.  The maximum term of

25 supervised release for this crime is life.

JBP5colP                    plea

1              Do you understand that?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  And, as indicated, there is a mandatory

4     minimum term of five years of supervised release.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Does everybody agree that that is the

8     accurate amount?

9              MS. BHASKARAN:  Yes, your Honor.

10             MR. BILINKAS:  Yes.

11             THE COURT:  Just to be clear, Mr. Collins, the term

12    supervised release, that means you would be subject to

13    supervision by the Probation Department, there would be rules

14    of supervised release that you would have to follow.  If you

15    were to violate those rules you could be returned to prison

16    without a jury trial to serve additional time with no credit

17    for time that you served in prison as a result of your sentence

18    and no credit for any time spent on post-release supervision.

19             Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  You should understand there is no parole

22    in the federal system and if you are sentenced to prison, you

23    will not be released early on parole.

24             Do you understand that?

25             THE DEFENDANT:  Yes.

JBP5colP                    plea

1            THE COURT:  In addition to the restrictions on your

2    liberty, the maximum possible punishment also includes certain

3    financial penalties.  Here, the maximum allowable fine is

4    $250,000 or twice the gross gain derived from the offense or

5    twice the gross loss to persons other than yourself.

6            Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  In addition, I can order restitution to

9    any person or entity injured as a result of your criminal

10   conduct.  I can also order you to forfeit all property derived

11   from the offense or used to facilitate the offense.

12           Do you understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  And we will talk more about your plea

15   agreement in a moment but I will note that in your plea

16   agreement with the government, it is indicated that you admit

17   the forfeiture allegation and agree to forfeit to the United

18   States certain property that was used to facilitate the offense

19   and that is outlined in the consent preliminary order of

20   forfeiture as to specific property, which I understand you

21   signed today.

22           Is that correct?

23           THE DEFENDANT:  Yes.

24           THE COURT:  You admit the forfeiture allegation of the

25   information?

JBP5colP                          plea

1            THE DEFENDANT:  Yes.

2            THE COURT:  And you agree to forfeit the property used

3    to facilitate the offense as described in the consent

4    preliminary order of forfeiture?

5            THE DEFENDANT:  Yes.

6            THE COURT:  In addition, I must order a mandatory

7    special assessment of $100 and an additional assessment of

8    $5,000 pursuant to 18 U.S.C. Section 3104(a).

9            Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you understand that what I have just

12   described are the maximum possible financial penalties you face

13   for this crime?

14           THE DEFENDANT:  Yes, I do.

15           THE COURT:  Mr. Collins, are you a United States

16   citizen?

17           THE DEFENDANT:  Yes, I am.

18           THE COURT:  Do you understand that as a result of your

19   guilty plea you may lose certain valuable civil rights to the

20   extent that you have them now or could otherwise obtain them

21   now such as the right to vote, the right to hold public office,

22   the right to serve on a jury, and the right to possess any kind

23   of firearm.

24           Do you understand that?

25           THE DEFENDANT:  Yes.

JBP5colP                        plea

1          THE COURT:  Are you serving any sentence, either state

2     or federal, or being prosecuted in state court for any crime?

3          (Defendant and counsel conferring)

4          MR. BILINKAS:  Judge, when he was arrested on these

5     charges, Judge, I believe they found some firearms and that's

6     being handled --

7          THE DEFENDANT:  May I speak?

8          THE COURT:  Sure.

9          THE DEFENDANT:  They found some magazines in excess

10    capacity of New Jersey state law, gun magazines.  They found

11    some marijuana also in my home.  I face charges that are not

12    yet indicted at superior court in Morristown, New Jersey, for

13    those two events.  My understanding is the marijuana change

14    will be reduced to disorderly persons, Class IV felonies

15    currently, but that I think is essentially waiting disposition

16    of this matter.

17         MR. BILINKAS:  Judge, I have talked to the attorney

18    handling those matters.  They're waiting to see the disposition

19    of this case.  He is hoping that those matters will be

20    dismissed.

21         THE COURT:  I understand.

22         The point I want to make clear, Mr. Collins, is to

23    make sure you understand that if you were to receive a sentence

24    in those state cases or any kind of punishment, it could be

25    consecutive to the punishment you receive here.

JBP5colP                    plea

1            Do you understand that?

2            THE DEFENDANT:  Yes, I do.

3            THE COURT:  I want to make sure you understand that as

4    a result of your guilty plea to the offense charged here, you

5    may be required to register as a sex offender under the Sex

6    Offender Registration and Notification Act.

7            Do you understand that?

8            THE DEFENDANT:  Yes, I do.

9            THE COURT:  And just to, again, we are going to

10   discuss your guilty plea more in a moment, but for immediate

11   purposes I will reference the second paragraph on page 5 on

12   this topic.  It says you understand and acknowledge that under

13   the Sex Offender Registration and Notification Act of federal

14   law, you must register and keep the registration current in

15   each of the following jurisdictions -- where you reside, where

16   you are employed, where you are a student -- and that you

17   understand that the requirements for registration include

18   providing your true name, residence address, and the name and

19   addresses of any places where you are or will be an employee or

20   a student, and you understand that the requirement to keep the

21   registration current includes informing at least one of the

22   aforementioned jurisdictions not later than three days after

23   any change of name, residence, employment, or student status,

24   and that you understand that the failure to comply with these

25   obligations subjects you to prosecution for failure to register

JBP5colP                         plea

1    under Federal Law, Title 18, United States Code, Section 2250,

2    which is punishable by fine, imprisonment, or both.

3              Do you understand all of that?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  I do want to make sure that you understand

6    that if your attorney or anyone else has attempted to predict

7    what your sentence will be, that prediction could be wrong.  No

8    one, not your lawyer, not the government's lawyer -- no one --

9    can give you any assurance of what your sentence will be since

10   I'm going to decide your sentence and I'm not going do that

11   now.  I am going to wait until I receive that presentence

12   report which will be prepared by the Probation Department.  I

13   will do my own independent calculation of the sentencing

14   guideline range.  I will consider it and any possible

15   departures from it and determine what a reasonable sentence is

16   for you based on the sentencing factors stained in a statute

17   called 18 U.S.C. Section 3553(a).

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Have you had sufficient time to discuss

21   these sentencing issues with your attorney?

22             THE DEFENDANT:  Yes, I have.

23             THE COURT:  So, even if your sentence is different

24   from what your lawyer or anyone else has told you it might be,

25   even if it is different from what you expect or what's

1  contained in the written plea agreement that you entered into

2  with the government, you will still be bound by your guilty

3  plea and will not be allowed to withdraw your plea of guilty.

4           Do you understand that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Now I do understand there is, as we

7  referred a couple times already, there is a written plea

8  agreement entered into between you and your lawyer and the

9  lawyer for the government; is that correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  I have the original of the agreement in

12  front of me at the moment and on the front page it is dated

13  November 21st, 2019.  The main document is six pages long and

14  then it has attached as Exhibit A the proposed preliminary

15  order of forfeiture.  I'm going to hand the original to my

16  deputy, ask him to please mark it as Court Exhibit 1, and then

17  place the original of the document in front of Mr. Collins,

18  please.

19          Do you have the original in front of you, Mr. Collins?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And on the front page is it dated November

22  21st, 2019?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And is the agreement document six pages

25  long, plus the Exhibit A?

JBP5colP                          plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  And on the last page of the agreement on

3    the sixth page; is that your signature?

4          THE DEFENDANT:  Yes, it is.

5          THE COURT:  And you signed it today?

6          THE DEFENDANT:  Yes, I did.

7          THE COURT:  Did you sign it in the presence of your

8    attorney?

9          THE DEFENDANT:  Yes, I did.

10          THE COURT:  Did you read the document at some point

11    before you signed it?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And you discussed it with your lawyer

14    before you signed it?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you believe you fully understood it

17    before you signed it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  One of the features of your agreement with

20    the government is that you have agreed on a guideline range

21    this applies in this case, that's something called the

22    stipulated guideline range.

23          Do you understand that?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  And in your agreement with the government

JBP5colP                         plea

1   you have agreed the stipulated guideline range is 78 to 97

2   months' imprisonment.

3             Do you see that?

4             THE DEFENDANT:  Yes I did.

5             THE COURT:  It is important to understand that that

6   agreement as to the applicable guideline range is binding on

7   you, it is binding on the government, but it is not binding on

8   me.  I have my own obligation to determine the correct

9   guideline range and what the appropriate sentence is in your

10  case.  I'm not saying I will come up with a range different

11  from the one you agreed to with the government but, if I do, I

12  will not let you withdraw your plea even if the range I

13  determine is higher than the one that you agreed to with the

14  government.

15            Do you understand that?

16            THE DEFENDANT:  Yes, I do.

17            THE COURT:  In your plea agreement you have waived

18  your right to appeal or otherwise challenge any sentence that

19  is 97 months or below.  In other words, if I were to sentence

20  you to 97 months or anything less than 97 months you would have

21  no right to appeal or otherwise try to challenge that sentence.

22            Do you understand that?

23            THE DEFENDANT:  Yes.

24            THE COURT:  I mentioned it earlier but your plea

25  agreement has attached to it the preliminary order of

JBP5colP                          plea

1    forfeiture.  I will just confirm with it in front of you that

2    that's the document that you reviewed and signed today?

3                THE DEFENDANT:  Yes, it is.

4                THE COURT:  And you had an opportunity to discuss that

5    with your attorney before you signed it?

6                THE DEFENDANT:  Yes, I have.

7                THE COURT:  Counsel, are there any other aspects of

8    the plea agreement that you would like me to emphasize at this

9    time?

10               MS. BHASKARAN:  No, your Honor.

11               MR. BILINKAS:  No, your Honor.

12               THE COURT:  Thank you.

13               What I want to ask you now, Mr. Collins, is whether

14   that plea agreement that we have been discussing, does it

15   constitute your complete and total understanding of the entire

16   agreement between you and the government?

17               THE DEFENDANT:  Yes, it does.

18               THE COURT:  Other than what's written in this

19   agreement, has anyone made any promise or offered you any

20   inducement to plead guilty or to sign this agreement?

21               THE DEFENDANT:  No.

22               THE COURT:  Has anyone threatened you or forced you to

23   plead guilty or to sign the plea agreement?

24               THE DEFENDANT:  No.

25               THE COURT:  Has anyone made a promise to you as to

JBP5colP                        plea

1    what your sentence will be?

2             THE DEFENDANT:  No.

3             THE COURT:  Thank you.

4             Mr. Scott, if you can please gather the plea

5    agreement?  Thank you.  Mr. Scott, may I see it for a moment?

6             Mr. Scott will make a copy of the plea agreement with

7    this and a copy of the signed order of forfeiture.  I will ask

8    the government to maintain the original of the plea agreement

9    in its records, please.  Thank you.

10            Mr. Collins, what I am going to ask you to do now,

11   sir, is to please tell me in your own words what you did that

12   makes you believe that you are guilty of the crime charged in

13   the information.

14            THE DEFENDANT:  From at least in or about August 2016,

15   up to and including at least in or about October 2016, in the

16   Southern District of New York and elsewhere, I knowingly did

17   possess and access with intent to view child pornography.

18            THE COURT:  Thank you.

19            Ms. Bhaskaran, any questions you would like me to ask

20   Mr. Collins and or does the government have a proffer with

21   respect to interstate commerce?

22            MS. BHASKARAN:  The government does have a proffer

23   with respect to interstate commerce in that the account that

24   belonged to the defendant that contained the child pornography

25   was accessed using the Internet from a computer or other

JBP5colP                        plea

1    electronic device.  In addition, the government can proffer

2    that the child pornography did contain an image of a

3    prepubescent child or a minor under the age of 12.

4              THE COURT:  Any questions you would like me to ask

5    Mr. Collins?

6              MS. BHASKARAN:  No, your Honor.

7              THE COURT:  Thank you.

8              MR. BILINKAS:  Judge, for the record, we acknowledge

9    both of those facts.

10              THE COURT:  Thank you.

11              Let me ask, Mr. Bilinkas, you believe there is a

12    sufficient factual predicate for this plea?

13              MR. BILINKAS:  Yes.

14              THE COURT:  Do you know of any valid defense that

15    would likely prevail at trial or any reason your client should

16    not be permitted to plead guilty?

17              MR. BILINKAS:  No.

18              THE COURT:  Now I will ask Ms. Bhaskaran to please

19    make a proffer to the Court, if we were to proceed to trial,

20    what the evidence would consist of and what it would show with

21    respect to Mr. Collins.

22              MS. BHASKARAN:  Your Honor, if this matter were to

23    proceed to trial, the government's evidence would consist of

24    files contained in a DropBox account that contained over 12,000

25    images of child pornography including images of a prepubescent

1    child or minor under the age of 12.  The government would also

2    put forth evidence from DropBox, as well as Google,

3    establishing that this account belonged to the defendant.

4            And, finally, the government's evidence would consist

5    of IP records showing that the DropBox account was accessioned

6    on the Internet from an electronic device in the Southern

7    District of New York.

8            THE COURT:  Thank you.

9            Any objections to the government's proffer?

10           MR. BILINKAS:  No, Judge.

11           THE COURT:  Thank you.

12           In a moment I am going to ask Mr. Collins for his

13   formal entry of plea.  Before I do so a final opportunity for

14   counsel:  Is there any reason I should not accept the

15   defendant's plea of guilty?

16           MS. BHASKARAN:  Not from the government, your Honor.

17           MR. BILINKAS:  No, Judge.

18           THE COURT:  Mr. Collins, based on everything we have

19   discussed I will ask for your formal entry of plea with respect

20   to Count One of the information 19 CR 665.  How do you wish to

21   plead?

22           THE DEFENDANT:  Guilty.

23           THE COURT:  Mr. Collins, because you acknowledge that

24   you are in fact guilty as charged in the information, because I

25   am satisfied that you know of your rights including your right

JBP5colP                    plea

1   to go to trial and that you are aware of the consequences of

2   your plea including the sentence which may be imposed, because

3   I find that you are knowingly and voluntarily pleading guilty,

4   I accept your guilty plea and enter a judgment of guilty on

5   Count One of the information.

6          With respect to sentencing, I will ask Mr. Scott to

7   get a date, I don't know if he conferred with you with counsel

8   in advance but we will work on that.

9          In the meantime, Mr. Collins, the Probation Department

10  will want to interview you in connection with that report that

11  it will prepare.

12         Mr. Bilinkas, does defense counsel wish to be present

13  for any interview in connection with the report?

14         MR. BILINKAS:  Yes.

15         THE COURT:  I do order the preparation of the

16  presentence report and order that probation conduct no

17  interview unless defense counsel is present.

18         Mr. Collins, if you do choose to speak to the

19  Probation Department, please make sure that anything you say is

20  truthful and accurate.  I will read the report carefully and it

21  is important to me in deciding what sentence to impose.  You

22  and your counsel have the right to examine the report and

23  comment on it at the time of sentencing and I do urge you to

24  read it and discuss it with your lawyer before sentencing.  If

25  there are any mistakes in it, please, point them out to your

JBP5colP                          plea

1    lawyer so that he can bring them to my attention before

2    sentencing.  Okay?

3              I propose, counsel, a sentencing date of February 17th

4    at 11:00 a.m.

5              MS. BHASKARAN:  That's okay for the government.

6              THE COURT:  Mr. Bilinkas?

7              MR. BILINKAS:  Fine, Judge.

8              THE COURT:  Sentencing is hereby set for that date and

9    time.

10             I direct the government to provide the probation

11   officer with its factual statement within seven days.  Defense

12   counsel must arrange for the defendant to be interviewed by

13   probation department within the next two weeks.  I refer

14   counsel to my individual rules and practices for criminal cases

15   available on the Court's website which contain some rules

16   regarding sentencing submissions.  In accordance with those

17   rules, the defense submission is due one week prior to

18   sentencing and the government's submission is due three days

19   prior to sentencing.

20             Ms. Bhaskaran, the government's position with respect

21   to remand?

22             MS. BHASKARAN:  Yes.

23             The government's position is that remand is mandatory

24   in this case pursuant to 18 U.S.C. Section 3143(a)(2).

25             THE COURT:  Okay.

JBP5colP                          plea

1          Mr. Bilinkas?

2          MR. BILINKAS:  Judge, I respectfully disagree with the

3     government.  I believe the Court has discretion.  I believe,

4     Judge, that 3143(a)(2), although it says "shall," refers you to

5     subsection B where it indicates a judicial officer -- if a

6     judicial officer finds by clear and convincing evidence that

7     the person is not likely to flee or pose a danger to any other

8     person or the community, that he does not have to be detained.

9          In this particular instance, Judge, I think it's clear

10    that Mr. Collins is not a flight risk, nor is he a danger to

11    anyone.  This case, Judge, I submit, is extremely unique.  It's

12    different than any other case that I have dealt with and I have

13    been practicing going on 39 years.

14         The government didn't seek to detain him under that

15    statute, Judge, when he was charged with these offenses and

16    basically pretrial services, I submit, will say that he has

17    gone above and beyond everything that was requested of him

18    while he was on pretrial services.

19         THE COURT:  Just to focus the conversation, I don't

20    doubt that.  I suspect the government wouldn't disagree with

21    that in terms of the analysis prior to the judgment of guilty.

22    The question is flight risk and safety to the community.

23         Under 18 U.S.C. 3156(a)(4), the crimes under Chapter

24    110 which include the conviction here, I believe, do require

25    immediate remand.  The Circuit has carved out, through a series

JBP5colP                        plea

1     of cases, an exception to that under extraordinary

2     circumstances but has, in other cases, confined extraordinary

3     circumstances, it shows circumstances which don't apply in the

4     normal course or case.  So, it is mandatory remand but with my

5     limited discretion in the case of extraordinary circumstances.

6               Do you agree that's the right analysis?

7               MR. BILINKAS:  Yes, Judge.  I do agree.

8               If I can hand these documents up to the Court?

9               THE COURT:  What are they and have you shown the

10    government?

11              MR. BILINKAS:  Yes.  I have given the government

12    copies.  Judge, these are three different reports,

13    psychological reports, one is from Dr. Wit, I submit a

14    world-renown psychosexual therapist.  He was consulted with

15    regards to the drafting of Megan's Law; there is a report from

16    Dr. Singer, who is a psycho sexual therapist that my client has

17    been seeing; and finally Dr. Pierce Skinner, who has been

18    treating my client since 2011 with regards to various drug

19    abuse issues.

20              Judge, why I say this case is unique and there are

21    exceptional circumstances is that the allegations --

22    allegations or facts that my client pled guilty to relate to

23    conduct that was in, for a short period of time, in 2016, and

24    we are only talking about a few months where he went on his

25    devices and downloaded child pornography.  Prior to any

JBP5colP                      plea

1    detection by the government or any authorities, Judge, he

2    basically stopped using those devices, deleted the child

3    pornography, and for basically two years prior to the

4    government's coming in and seizing those documents had

5    absolutely nothing do with child pornography.  What's unique

6    about this case is an exceptional circumstance, Judge, is that

7    once he deleted these items in 2016, he sought therapy.  He

8    voluntarily sought out therapy for drug abuse and mental health

9    issues.  He has severe depression, he bipolar.  That was

10   causing all sorts of mental health issues.  He became addicted

11   to cocaine and Adderall and that fueled those mental health

12   issues.  Those reports that I have submitted to your Honor, one

13   from Dr. Wit, basically did a whole clinical evaluation of him

14   and basically says he voluntarily stopped, which I don't

15   believe the government contests.  He voluntarily sought

16   treatment for his mental health and substance abuse issues.  He

17   basically says, Judge, that he is not a danger to others,

18   doesn't present a threat to anyone, he is not a pedophile, and

19   basically this was episodal with regards to his type of

20   conduct.

21           You also have the background from his drug abuse

22   therapist and he has known him since 2011 and that clearly

23   indicates, Judge, that he sought treatment -- after these

24   downloads or this subject of these charges he sought treatment.

25           He has been drug free now, Judge, for over two years.

JBP5colP                              plea

1    Dr. Wit suggested that he see a psychosexual therapist after he

2    did his evaluation and that's the report from Dr. Skinner --

3    Singer.  Excuse me, I keep confusing those two names.

4    Basically, he has been seeing him once a week, Judge, since he

5    has been out, and he basically says he doesn't see any signs

6    that he -- clinical signs that he is in acute psychiatric

7    crisis.  He expressed extreme remorse, shame, and guilt.  He

8    basically says he is not a danger to anyone and at this point

9    shows no clinical signs that would impede his self-control.

10            Unlike every other case, Judge, where the government

11   comes in, seizes various devices, finds child pornography, this

12   had to do with conduct that was from 2016.  He deleted all of

13   those things.  He voluntarily sought treatment, Judge.  For the

14   last two years no substance abuse, no issues with any type of

15   pornography, and basically he has done everything within his

16   power to address those issues and that was done years before

17   anyone found these items.

18            So, again, Judge, you are going to have to, as you

19   indicated, make an analysis under 3553(a).  I submit that under

20   these circumstances this is a unique set of facts, his mental

21   health issues, his drug abuse issues which have been addressed

22   fueled this conduct and that's reflected in those reports that

23   I just gave you so I don't think, Judge -- and I think him

24   being out on pretrial services clearly indicates he is not a

25   flight risk and I have substantial documentation from what I

JBP5colP                          plea

1  consider very profound experts in the area saying he is not a

2  danger, unlike just about every other case, Judge, where

3  someone admits to doing it, has been doing it up to the point

4  when their items were seized.

5          THE COURT:  Do you have any example cases, any

6  authority for the application of the Circuit's limited

7  instruction as to quite limited discretion in this area for a

8  comparable case?

9          MR. BILINKAS:  No, Judge.  I have no cases.  And I

10  submit, Judge, that this is a unique set of circumstances and,

11  again, I understand now that he has pled guilty to a child

12  pornography case there is probably not a person on the face of

13  the earth that wouldn't argue that he is a danger to children

14  or those circumstances but with the conduct that he has

15  exhibited for the last two years, even two years prior to his

16  arrest before this was discovered, I think this puts this in a

17  totally different category.

18          THE COURT:  So, I see where those are arguments as to

19  lack of danger.  The difficulty I am having is how to translate

20  that over into the law on extraordinary circumstances because

21  it's not the same analysis.

22          MR. BILINKAS:  I understand that, Judge and, again,

23  like I said, I'm a former state prosecutor, federal prosecutor.

24  His wife is here, his family is here.  His wife came in with

25  him to my office when he first came in to retain me.  He has

JBP5colP                      plea

told them, everyone is aware of this.  I'm in the process now,

Judge, of getting all these letters.  I probably have 15, 16

different letters from people that have known him, they have

known his struggles.  They have seen a monumental change in him

in the last two years.

          So, for two years he has been getting treatment for

his mental health issues, substance abuse issues, he is on the

right medication.  He is functioning better than he has his

whole life and for now, Judge, to lock him up and throw him in

jail and take him away from all of those tools that he has been

using and not just after his arrest, prior to his arrest I

think, would be an injustice.

          THE COURT:  Ms. Bhaskaran?

          MS. BHASKARAN:  Thank you, your Honor.

          As your Honor intimated, there is two pieces of this.

          THE COURT:  Can you hang on one second?

          (pause)

          MS. BHASKARAN:  As your Honor intimated there is two

pieces to the analysis.  First, the aspect as to whether the

defendant poses an ongoing danger to the community; and the

second is whether there are exceptional reasons that warrant an

exception to Congress' mandate for mandatory remand in a case

like this.

          With respect to that first bucket, the government is

not making an argument here that Mr. Collins presently is a

JBP5colP                        plea

1    danger to the community that could not be managed with the

2    appropriate release conditions.  That's not what this is about

3    and I think the majority of Mr. Bilinkas' arguments spoke to

4    the danger aspect of this which are not in dispute with the

5    government.

6            So, what this really comes down to for the Court's

7    consideration is whether there are exceptional reasons that

8    would warrant an exception to mandatory remand.  And, as your

9    Honor stated, it is a very high standard and may be a flexible

10   standard, but under United States v. Lee, which is 360 F.3d

11   401, the Second Circuit has said that exceptional reasons arise

12   from a combination of circumstances giving rise to situations

13   out of the ordinary.  That case also said that circumstances

14   that are purely personal do not typically give rise to

15   exceptional circumstances.  And to put a finer point on that,

16   to cite another decision, *United States v. Lippold*, that's 175

17   F.Supp.2d 537, the Court there held that a defendant that was

18   taking care of three young children, one of whom was suffering

19   from a serious medical issue, and the defendant needing to

20   work, were the types of purely personal reasons that were not

21   out of the ordinary that constituted exceptional circumstances.

22           And, respectfully, your Honor, while the government

23   appreciates the defendant's early acceptance of responsibility,

24   I think the bulk of Mr. Bilinkas' arguments are really

25   arguments key to 3553(a) with respect to the length of the

JBP5colP                          plea

1    appropriate sentence but none of those arguments, I think,

2    spoke directly to the question before the Court which is

3    whether there are exceptional reasons and, your Honor,

4    respectfully, we do not think that the defendant has proffered

5    any reasons that warrant an exception to mandatory remand at

6    this time.

7           THE COURT:  Does the government think that any of the

8    psychological psychosocial information that's been provided

9    could bear on the question of exceptional circumstances?  I

10   suppose the contention is to the extent that Congress has

11   required mandatory remand in a case like this it is because of

12   a default assumption of dangerousness and the argument put

13   forward by Mr. Bilinkas is that there is an amount of

14   information here that is exceptional to the extent that it

15   would demonstrate, as the government essentially concedes, that

16   there is not a danger to the community.

17          MS. BHASKARAN:  Your Honor, I mean, I think another

18   way of thinking about Congress' mandate here is also the

19   seriousness of the offense.  At this time now we are at a point

20   where the defendant has pleaded guilty to an offense that

21   Congress has described in the bail reform statute as a crime of

22   violence and, in addition, with respect to the ongoing

23   psychotherapy, I haven't -- I specifically looked for a case in

24   the Southern District that direct directly addressed this point

25   in the context of exceptional reasons.  I didn't see one based

JBP5colP                        plea

1    on my research but I did see an Eighth Circuit case in which

2    this precise question was presented, the defendant was

3    receiving ongoing psychotherapy, and the Court's analysis there

4    was that defendants, in many cases, who are beginning the

5    process of rehabilitation, may be in the process of seeking and

6    engaging in psychotherapy.  That is the type of thing that is

7    not exceptional but more in the form of ordinary.

8              MR. BILINKAS:  Judge, if I can just respond?

9              THE COURT:  Yes.

10             MR. BILINKAS:  I can't imagine a case more out of the

11   ordinary than this particular case.  Again, also, which is

12   particular to him, as soon as he starts getting help, substance

13   abuse, counseling, mental health, finding the right types of

14   medication to control his bipolar and his depression, he stops

15   using Adderall and cocaine, those reports, all the doctors are

16   clearly saying that those issues fueled his conduct.  It was

17   situational as a result of that.  And, again, that's not just

18   some doctor coming up with this theory after the fact.  He

19   basically -- and the proof is in the pudding:  He stopped

20   viewing child pornography.  There is nothing that the

21   government found after that brief period of time.  He deleted

22   it.  He didn't try to access it after two-thousand-and --

23   whatever the time referenced in the information and for two

24   years he has been seeing these doctors.  He sees them once a

25   week, the drug abuse counselor, the psychosexual therapist, he

JBP5colP                              plea

1    sees him once a week.  He goes to an IPO that pretrial set up

2    three times a week and for the first time in his life -- and

3    his family can attest to it -- he is on the right medications,

4    he is getting the right type of treatment.  So, again, to rip

5    him away from that, Judge, at this point in time, to me I think

6    would be a great, grave injustice.

7           And, I am familiar with the case that the government

8    cited regarding child care.  He has got four kids.  One

9    daughter has an incurable auto-immune disease that basically

10   the medication -- and he lost his job for CNBC when these

11   charges were filed, obviously -- it's over $200,000 just for

12   the medication.

13          So, again, that's a unique circumstance and I'm not

14   saying that in itself is enough to satisfy that exception but

15   this whole case is different.  I submit, Judge, once I submit

16   that sentencing memorandum with regards to 3553 you will have

17   never seen a case like this and circumstances explaining

18   exactly -- not that it's a defense -- why he did what he did

19   and, more importantly, what he has done to address those issues

20   so we won't have any issues again.  And, for two years before

21   his arrest it's clear that he is doing the right thing and I

22   think that's unique based on any case that I have ever had like

23   this.

24          THE COURT:  Thank you.

25          I find compelling defense counsel's arguments as to

JBP5colP                          plea

 1    the unique nature of the case but I do think that they are

 2    arguments that go, at base, to danger to the community and

 3    otherwise are sentencing arguments.  Congress has mandated

 4    remand for this category of crime.  I am allowed a limited area

 5    of discretion for exceptional circumstances.  I have exercised

 6    that discretion in some cases but don't think that the

 7    arguments put forward here meet the Circuit's requirements

 8    under the Leah case and others.  I have also looked for

 9    comparable cases in this district and others and find that

10    they, the arguments being made fall on the category of

11    non-extraordinary, they go to purely personal circumstances,

12    they are not exceptional in terms of the arguments being put

13    forward, and I just don't think that the standard quite -- the

14    quite narrow area of discretion that I have is met here.  And

15    so, I must order remand pending sentencing as is required under

16    the statute.

17            Mr. Bilinkas, there is a possibility of expedited

18    sentencing.  If you are interested in discussing that -- I have

19    set sentencing for three months' time, approximately, which is

20    the standard time that Probation needs to prepare the

21    presentence report with the full set of review opportunities

22    that exist under Rule 32.  Those can be Mr. Collins' right to

23    review the report before submission can be waived.  If you want

24    do expedited sentencing in that case it could be set for

25    approximately six weeks from now.

```
 1             (Defendant and counsel conferring)

 2             MR. BILINKAS:  If I can please have a moment, Judge?

 3             THE COURT:  You may.

 4             (Defendant and counsel conferring)

 5             MR. BILINKAS:  Judge, as far as the presentence

 6     report, it would be prepared on an expedited basis?

 7             THE COURT:  Basically, under Rule 32 of the Federal

 8     Rules of Criminal Procedure, the defendant has a right to see

 9     the report and comment on it before the final report is

10     prepared.  In order for probation to prepare the report and do

11     that, three months is the minimum and I have set sentencing

12     for, I think, but approximately three months.  But, he could

13     waive the right to review it before final submission in which

14     case we could set sentencing for approximately six weeks.

15             MR. BILINKAS:  Judge, I have discussed that with

16     Mr. Collins.  We are going to keep it at the February date.

17             THE COURT:  Thank you.

18             The materials that you submitted, Mr. Bilinkas, would

19     you like those accepted as part of the record?  Docketed?

20             MR. BILINKAS:  Judge, I intend to attach those to a

21     sentencing memo so I don't need to do that at this point.

22             THE COURT:  So I will hand these back to you.  Thank

23     you.

24             Counsel, is there anything else that I can address at

25     this time?
```

JBP5colP                        plea

1          MS. BHASKARAN:  Not from the government, your Honor.

2          THE COURT:  Okay.

3          MR. BILINKAS:  Judge, my client is on all sorts of

4   mental health medications which his family brought with him

5   today.  I don't know how those are going to be disbursed.  He

6   also has asthma.  Again, I am worried about him going into

7   custody and if he doesn't get these medications, it can have a

8   very adverse impact on him.

9          THE COURT:  Well, the Marshals are here for remand and

10  they'll process him according to their standard procedures

11  including any onboarding of medication or the like.

12         MR. BILINKAS:  Should we have him take those

13  medications with him, Judge?

14         THE COURT:  That's going to be up to the marshals who

15  will process him for remand.  Whatever their normal process is.

16         MR. BILINKAS:  All right.

17         THE COURT:  So, I do order remand to the custody of

18  the United States Marshals.

19         Counsel, is there anything else I can address at this

20  time?

21         MR. BILINKAS:  No, Judge.

22         MS. BHASKARAN:  No, your Honor.

23         THE COURT:  Thank you.  We are adjourned.

24                            o0o

25