

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 15, 2020

**BY ECF**
The Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, N.Y. 10007

      Re:    *United States of America v. Raymond Reid Collins Jr.*, 19 Cr. 665 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter in advance of the sentencing in this matter, currently scheduled for May 18, 2020 at 3 p.m. In their plea agreement, the parties stipulated that the applicable United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range is 78 to 97 months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth below, the Government submits that a significant incarceratory sentence, but one below the Stipulated Guidelines Range, is appropriate in this case.

## Background

### A. Offense Conduct

      On November 25, 2019, the defendant pleaded guilty to one count of possession and access with the intent to view child pornography, in violation of Title 18, United States Code, Section 2252(a)(5)(B). That offense stems from the defendant's possession of a cloud storage account on the website Dropbox (the "Dropbox Account") that contained approximately 12,600 videos and images of child pornography. PSR ¶¶ 11, 12, 14. Approximately 2,100 of those files depicted pornographic images or videos of infants and toddlers. This massive collection of child pornography was also meticulously organized, by, for example, using folder names that notated whether a folder contained child pornography involving prepubescent children. *Id.* ¶¶ 14-15. IP records indicated that the defendant accessed the Dropbox Account from approximately August 2016 to October 2016. *Id.* ¶ 11.

      As part of its investigation, the Government seized several electronic devices, including a cell phone and a laptop computer, from the defendant's residence in May 2019. Website visit history from the defendant's cellphone revealed efforts by the defendant to visit websites depicting pornographic images, including those suggesting incest, of prepubescent girls until April 2017. PSR ¶ 18. Furthermore, the laptop computer contained several thousand photographs and videos containing child pornography. Like the Dropbox Account, a significant portion of that collection

trained on prepubescent children. *Id.* ¶¶ 19-20. All of the child pornography on the defendant's laptop had been deleted prior to the Government's seizure of that laptop.

### B. Guidelines Calculation

As set forth in the parties' Plea Agreement and the PSR, the base offense level is 18. PSR ¶¶ 5(c), 30. The base level is enhanced by 13 levels because the defendant's child pornography collection (1) had images depicting prepubescent children (2 levels); (2) portrayed sadistic or masochistic conduct or other depictions of violence (4 levels); (3) involved the use of a computer or interactive computer service (2 levels); and (4) contained more than 600 images (5 levels). *Id.* ¶¶ 5(d)-(h), 31-34. After considering acceptance of responsibility, the total offense level is 28. *Id.* ¶¶ 5(i), 40-42.

The defendant has no prior criminal convictions. Accordingly, the defendant is in Criminal History Category I, and the applicable Guidelines Range is 79 to 97 months' imprisonment. PSR ¶¶ 5(k), 91.

## Discussion

### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and

>   (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Below-Guidelines Sentence Is Appropriate In This Case.

In this case, the Government believes a significant incarceratory sentence, but one below the Stipulated Guidelines Range of 78 to 97 months' imprisonment, would achieve the goals of sentencing and appropriately balance the factors considered pursuant to Section 3553(a).

The offense to which the defendant pleaded guilty is serious. As the Second Circuit has stated:

> As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is the exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse.

*United States v. Reingold*, 731 F.3d 204, 216 (2d Cir. 2013). It is precisely because "[c]hild pornography harms and debases the most defenseless of our citizens" that "[b]oth the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 757 (1982). This interest extends to seeking to stamp out child pornography at all levels in the distribution chain. *See Osborne v. Ohio*, 495 U.S. 103, 110 (1990).

The Supreme Court recognized in *Paroline v. United States* that a child pornography victim "suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." 572 U.S. 434, 456-57 (2014) (also finding that harm to a child pornography victim is caused by "the trade in her images," and that a defendant who possessed such images "is a part of that cause, for he is one of those who viewed her images."). "Harms of this sort are a major reason why child pornography is outlawed," and "[t]he unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating this tragedy." *Id.* at 457.

The Government acknowledges, however, that there are factors in this case which counsel in favor of a below-Guidelines sentence. The defendant's crime, while reprehensible, was an aberrational, temporally-limited episode in what is otherwise a law-abiding life. The Government credits that defendant's submission that his conduct occurred during a period when he suffered intensely from mental health issues and addiction, for which he has since voluntarily and genuinely sought treatment. The Government's investigation, moreover, corroborates his contention that he

ceased his criminal conduct on his own. These facts, coupled with the psychosexual evaluations that have been prepared concerning the defendant, suggest that the defendant does not pose a serious risk of engaging in a contact offense towards children, and that a Guidelines sentence is not necessary to protect the public from this defendant or deter this defendant from future criminal conduct.

As to the history and characteristics of the defendant, the defendant's criminal acts in this case are set against a background of a productive life in society. Until the time of his arrest, he had a successful career in news media, mostly recently as a producer at CNBC. The numerous letters of support which the defendant submitted attest to the defendant's character, and make clear that he is a valued spouse, father, friend, and relative.

The Government also recognizes the collateral consequences of the defendant's conviction. He will be required to pay restitution, and will be subject to the requirements of the Sex Offender Notification and Registration Act, Title 18, United States Code, Section 2250. He has also lost his job at CNBC, and the family that he has supported will also bear the financial consequences of this criminal conviction.

Although these circumstances support a below-Guidelines sentence, a sentence of time-served as the defendant urges, or the 24-month sentence that Probation recommends, would not be sufficient in this case. In just a short period of time, the defendant amassed an egregious, voluminous, and meticulously organized collection of child pornography. The demand for, and collection of, such material only fuels the market for child pornography, and has caused, and will continue to cause, irreparable pain and suffering to the victims whose brutalization was depicted in the images and videos that the defendant possessed. For these reasons, a significant incarceratory sentence is needed to provide just punishment, reflect the seriousness of the offense, and provide general deterrence.

In sum, based on the specific facts of this case, the Government believes that a significant incarceratory sentence, but one below the Stipulated Guidelines Range of 78 to 97 months' imprisonment, would adequately balance the various considerations under Section 3553(a) and achieve the statute's stated objectives.

## C. Conclusion

For the reasons set forth above, the Government respectfully submits that a significant incarceratory sentence below the Stipulated Guidelines Range would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____
Rushmi Bhaskaran
Assistant United States Attorney
(212) 637-2439

cc: Edward Bilinkas, Esq. (by ECF)